Filed 7/19/24  In re Michael C. CA2/5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| In re MICHAEL C. et al., Persons Coming Under the Juvenile Court Law | B329287 |
| LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES, | (Los Angeles County Super. Ct. No. 22CCJP03343A-C) |
| Plaintiff and Respondent, | |
| v. | |
| N.N. et al., | |
| Defendants and Appellants. | |

APPEAL from orders of the Superior Court of Los Angeles County, Gabriela H. Shapiro, Temporary Judge.  Dismissed in part and affirmed in part.

Law Offices of Vincent W. Davis & Associates and Vincent W. Davis, for Defendant and Appellant N.N.

Law Office of Robert McLaughlin and Robert McLaughlin, under appointment by the Court of Appeal, for Defendant and Appellant K.R.

Dawyn R. Harrison, County Counsel, Kim Nemoy, Assistant County Counsel and Sally Son, Senior Deputy County Counsel for Plaintiff and Respondent.

_____

As relevant here, N.N. (mother) has three children, Michael C. (born April 2013), Mia M. (born December 2016), and Kylie R. (born December 2020). K.R. (father) is the father of Kylie only.

Mother appeals the juvenile court's orders declaring her three children dependents under Welfare and Institutions Code[1] sections 300, subdivision (b), and removing the children from her custody under section 361. Father appeals solely from the dispositional order denying his request under section 361.2 for custody of Kylie, which father intends to exercise in New York where he currently resides.

The Los Angeles County Department of Children and Family Services (the Department) filed a motion to dismiss mother's appeal, along with a request for judicial notice.

We dismiss mother's appeal and affirm the court's disposition orders.

The parties are familiar with the facts and our opinion does not meet the criteria for publication. (Cal. Rules of Court, rule 8.1105(c).) We accordingly resolve the cause before us, consistent

---

[1] All further statutory references are to the Welfare and Institutions Code unless otherwise indicated.

with constitutional requirements, via a written opinion with reasons stated. (Cal. Const., art. VI, § 14; *Lewis v. Superior Court* (1999) 19 Cal.4th 1232, 1261–1264 [three-paragraph discussion of issue on appeal satisfies constitutional requirement because "an opinion is not a brief in reply to counsel's arguments"; "[i]n order to state the reasons, grounds, or principles upon which a decision is based, [an appellate court] need not discuss every case or fact raised by counsel in support of the parties' positions"].)

## DISCUSSION

### A.    <u>Mother's Appeal is Dismissed</u>

In her opening brief, mother challenges the sufficiency of the evidence supporting the court's jurisdictional findings and its orders removing all three children from her custody.

At the adjudication hearing on March 23, 2023, the court declared the children dependents based on the following amended jurisdictional allegations:

> b-1, d-1, j-1: "[Father] sexually abused the child Mia. On or about 8/18/22 and on prior occasions, [father] fondled and digitally penetrated the child's vagina, causing the child pain. The mother failed to protect the child when she knew of [father's] sexual abuse of the child. The mother allowed [father] to frequent the child's home and to have unlimited access to the child. . . ."

3

b-2, j-2: "On 8/19/2022, [mother] created a detrimental and endangering situation for the five-year old child Mia in that [mother] failed to provide appropriate supervision for the child, resulting in the child wandering the streets alone wearing only underwear and a blanket wrapped around herself. Such a detrimental and endangering situation established for the child by the mother, and the mother's failure to provide appropriate supervision for the child, endangers the child's physical health and safety, and creates a detrimental home environment, placing the child and the child's siblings, [Michael and Kylie], at risk of serious physical harm, damage and danger."

b-5, j-3: "[Mother and father] have a history of engaging in physical and verbal altercations while in the presence of the children. On prior occasions in 2021, the mother and father engaged in verbal altercations. On prior occasions in 2021, the father attempted to punch the mother . . . . On 2/7/22, the mother and father engaged in a verbal and physical altercation where the father punched the mother once with a closed fist on the left side of her head. The father shoved the mother by the base of her neck, causing the mother to hit the fence with her back. . . . Such violent conduct . . . endangers the children's physical health and safety, creates a detrimental home environment and places the

4

children at risk of serious physical harm, damage and danger."

The Department moved to dismiss mother's appeal, arguing that all of mother's contentions on appeal were either moot or nonjusticiable. In support of its motion to dismiss, the Department requests judicial notice of the following post-appeal orders by the juvenile court:

1. On July 27, 2023, the juvenile court terminated dependency jurisdiction over Michael and made a custody order giving both parents joint legal custody, Michael's father sole physical custody, and mother monitored visits. The custody order took effect on October 13, 2023, when the juvenile court lifted its stay.
2. On November 2, 2023, the juvenile court terminated dependency jurisdiction over Mia and made a custody order giving both parents joint legal custody, Mia's father sole physical custody, and mother monitored visits. The custody order took effect on December 22, 2023, when the juvenile court lifted its stay.
3. On February 27, 2024, the juvenile court terminated Kylie's suitable placement order, and placed Kylie in mother's home, subject to Department supervision.

"A reviewing court must ' "decide on a case-by-case basis whether subsequent events in a juvenile dependency matter make a case moot and whether [its] decision would affect the outcome in a subsequent proceeding." ' " (*In re D.P.* (2023) 14 Cal.5th 266, 276.) Because the juvenile court has terminated dependency jurisdiction over Michael and Mia, mother has not

appealed the court's termination or custody orders, and mother has not filed any opposition to the Department's motion to dismiss, we agree that the portions of mother's appeal pertaining to those two children are moot. (*In re Gael C.* (2023) 96 Cal.App.5th 220, 223–224 [dismissing appeal of jurisdiction and disposition orders as moot, where parent did not appeal subsequent termination of dependency jurisdiction and related custody order].) Even if we were to reach the merits of mother's appeal as to the two older children, there was substantial evidence to support the appealed findings and orders, based on the children's statements to social workers, regarding domestic violence observed between mother and father and mother permitting father to sleep in the same bed as Mia after reports of sexual abuse.

Mother's appeal of the order removing Kylie from her custody is also moot, because Kylie has been returned to mother's custody. (*In re N.S.* (2016) 245 Cal.App.4th 53, 60 [mootness turns on "whether the appellate court can provide any effective relief if it finds reversible error"].)

The only contention remaining in mother's appeal is whether there is substantial evidence to support dependency jurisdiction over Kylie. However, the Department argues mother's entire appeal should be dismissed, based on her failure to provide a summary of the significant facts in her brief and to articulate any cogent legal challenge to the second jurisdictional finding – that mother failed to adequately supervise Mia.

Mother did not file any response to the Department's motion to dismiss, did not file a reply brief in support of her appeal, and did not request oral argument in this case. "A failure to oppose a motion may be deemed a consent to the granting of

6

the motion." (Cal. Rules of Court, rule 8.54(c).) We agree with the Department that mother has forfeited any argument that we should reach the merits of her jurisdictional challenge. We see no reason in the current context to exercise our discretion to reach the merits of mother's appeal. (*In re D.P., supra*, 14 Cal.5th at p. 287; *In re Gael C., supra,* 96 Cal.App.5th at pp. 224–225.)

**B.      Substantial Evidence Supports the Court's Order Denying Father's Request for Custody**

"When a juvenile court orders removal of a child from the custodial parent, it must determine whether there is a noncustodial parent who wants to assume custody. If so, the court must 'place the child with the [noncustodial] parent unless it finds that [such] placement . . . would be detrimental to the safety, protection, or physical or emotional well-being of the child.' (§ 361.2, subd. (a).) A finding of detriment must be made by clear and convincing evidence. [Citation.] We review the juvenile court's finding of detriment for substantial evidence, 'bearing in mind the heightened burden of proof' in the trial court." (*In re Solomon B.* (2021) 71 Cal.App.5th 69, 74–75.)

Father has not appealed the jurisdictional findings against him. Nevertheless, father argues that *aside from his status as an offending parent*, there was insufficient evidence of detriment for the court to deny his request under section 361.2 to grant him custody of Kylie in New York. Father argues that his alleged sexual abuse of Kylie's five-year old half-sibling Mia was not frequent or severe enough to support a finding that granting him custody of Kylie in New York would place her at risk of harm. He also argues that any risk posed by the domestic violence between

him and mother was eliminated because he and mother have ended their relationship and he has moved to New York.

Father's argument misses the mark. Even accounting for the heightened burden of proof needed to support the trial court's determination that placing Kylie in father's custody would be detrimental to her safety, protection, and her physical and emotional well-being, the record includes substantial evidence to support the court's order denying father's request for custody of Kylie under section 361.2. Kylie's young age, evidence of violence in father's relationship with mother, and evidence that father sexually abused Mia, provides ample support for the court's denial of father's request. The correctness of the juvenile court's decision is further supported by the larger context, which included the absence of any real effort by father to engage with the Department outside of limited monitored visits, his move to New York just two months before the court's disposition order, and his refusal to participate in any services during the six months leading up to the last part of the disposition hearing.

Kylie was only 22 months old when she was detained from parental custody in August 2022, and father was not in contact with the Department until the day before his arraignment on October 19, 2022. He initially wanted a paternity test, stating that mother had told him Kylie was not his child. After the court ordered monitored visits between father and Kylie, father's girlfriend refused to monitor the visits and father could not identify an alternate monitor for the Department. The Department arranged for video calls, monitored by Kylie's caregiver, but father was not able to follow the visitation schedule despite efforts to accommodate him. The caregiver reported that on at least one video call, father appeared to be

under the influence (his eyes were red) and he was distracted because he was walking around.

Father did have consistent and positive in-person monitored visits from November 2022 through March 2023, but absent a court order, he declined to participate in any programs such as sexual abuse prevention or domestic violence batterers programs despite the pending allegations against him. Instead, he purchased a home and planned to move to New York with Kylie, although he was open to receiving family maintenance services in New York if Kylie was released to his care. His last in-person visit before moving to New York took place on March 22, 2023, and after that he was inconsistent with telephone visits.

The record evidence is sufficient to support the court's determination that placing Kylie with father posed a risk of detriment.

## DISPOSITION

Mother's appeal is dismissed. The disposition orders are affirmed.

NOT TO BE PUBLISHED.

MOOR, J.

We concur:

BAKER, Acting P.J.          KIM, J.

9